WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Petrick,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-22-08175-PCT-JJT<br><br>**ORDER** |

  At issue is the denial of Plaintiff Stephen Petrick's Application for Disability Insurance Benefits and Supplemental Security Income by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 15, "Pl. Br."), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 19, "Def. Br."), and Plaintiff's Reply (Doc. 22). The Court has reviewed the briefs and Administrative Record (Doc. 14, "R.") and now reverses the decision of the Administrative Law Judge ("ALJ") (R. at 15-28) as upheld by the Appeals Council (R. at 1–7).

**I. BACKGROUND**

  Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on December 3, 2019 (R. at 148) for a period of disability beginning October 11, 2019 (R. at 15). Plaintiff's claims were initially denied on March 11, 2020, and upon reconsideration on June 1, 2020. (R. at 15.) Plaintiff then testified at a hearing

held before an ALJ on June 2, 2021. (R. at 70–99.) On June 29, 2021, the ALJ denied Plaintiff's Applications (R. at 15–28), and on August 16, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. at 1–7). On September 28, 2022, Plaintiff filed this action seeking judicial review of the denial.

The Court has reviewed the medical evidence and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, social anxiety, and alcohol dependence in reported remission. (R. at 18.)

Ultimately, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (R. at 19.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") "to perform a full range of work at all exertion levels" but with certain non-exertional limitations, including no in-person interaction with the public, only occasional interaction with coworkers, and no working in tandem. (R. at 21.) Based on the vocational expert's answers to hypothetical questions, the ALJ concluded that Plaintiff could perform work as a custodian, a landscape laborer, or a greenhouse laborer and is not disabled under the Act. (R. at 27.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) the ALJ erred by rejecting the medical opinions of Plaintiff's treating providers, and (2) the ALJ erred by failing to consider Plaintiff's bipolar disorder and adjustment disorder. (Pl. Br. at 8, 15.)

### A. The Medical Opinions of the Treating Providers

The Ninth Circuit no longer accords special deference to an examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' [she] finds 'all of the medical opinions' from each doctor or other source, and 'explain how [she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. § 404.1520c(b), (b)(2)).

Plaintiff argues that the ALJ erred by rejecting the opinions of his treating social worker, Katherine Miller, and his treating psychologist, Dr. Debbie Ritterbush. Ms. Miller and Dr. Ritterbush opined that Plaintiff has moderate to marked limitations in the mental abilities required to do semi-skilled work, and mild to marked limitations in the mental abilities required to do unskilled work and particular types of jobs. (R. at 614–15, 623–24.) The ALJ found the opinions of Ms. Miller and Dr. Ritterbush to have limited

persuasiveness because the opinions were "not supported by these providers' treatment records" and were "inconsistent with the greater record." (R. at 25.) The ALJ also found that the symptoms were "not shown in evidence" and the opined limitations were "extreme and inconsistent with the record." (R. at 25.) The ALJ explained that there was no "significant evidence of a deficiency of concentration, persistence, or pace or episodes of deterioration" as indicated on the providers' forms. (R. at 25.) The only further explanation the ALJ gave for rejecting the providers' opinions was that they had not treated Plaintiff for 12 months before completing the forms, and Ms. Miller was "not an acceptable medical source." (R. at 25.)

Plaintiff contends the ALJ's reasoning is insufficient because it consists of only "bare conclusions." (Pl. Br. at 12.) Defendant counters that the ALJ sufficiently discussed supportability and consistency because "substantial evidence supports the ALJ's findings." (Def. Br. at 7.)

Defendant points to the ALJ's finding that the opinions were not supported by treatment records and argues that Dr. Ritterbush's opinion was properly discounted because the only treatment notes in the record are from Ms. Miller. (Def. Br. at 6.) As for the ALJ's finding that the opinions were "inconsistent with the greater record," Defendant argues the evidence shows Plaintiff exhibited only mild to moderate difficulties with social interaction, as demonstrated by Plaintiff's good rapport with providers and his pleasant and cooperative interactions during appointments. (R. 426, 737.) Defendant also offers examples of one examiner who reported Plaintiff to have "mild" anxiety disorder with no limitations, and another who reported Plaintiff to have "non severe" anxiety with no significant limitations. (R. 439–40, 106–07.) Defendant raises similar arguments as to Ms. Miller.

Despite mentioning supportability and inconsistency, the ALJ failed to "explain how [she] considered the supportability and consistency factors" in reaching the findings. *See Woods*, 32 F.4th at 792. The ALJ gave no reasoning or specific examples for finding that the opinions were not supported by treatment records. (R. at 25.) And although the

ALJ mentioned broadly in the factual recitation that some evidence indicated Plaintiff interacted normally with doctors (R. at 20), the decision does not mention this evidence as the reason for discounting the providers' opinions. Instead, the ALJ merely concluded, without any explanation or citation, that the opinions were unsupported by treatment records and inconsistent with the greater record.

The existence of some substantial evidence that plausibly could support the ALJ's conclusion is insufficient to uphold the denial. "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent *without providing an explanation supported by substantial evidence*." *Woods*, 32 F.4th at 792 (emphasis added). And the Court must be able to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Defendant's explanations here are exactly that—*post hoc* rationalizations that cannot form the basis for affirming the ALJ's decision. Although Defendant identifies various pieces of evidence that the ALJ could have cited as the basis for discrediting Ms. Miller's and Dr. Ritterbush's opinions, the ALJ did not actually cite that evidence as reasons for doing so. The decision thus lacks sufficient reasoning for the Court "to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Accordingly, the Court shall remand to allow the ALJ to properly consider Ms. Miller's and Dr. Ritterbush's opinions.

**B.  Plaintiff's Bipolar Disorder and Adjustment Disorder**

Plaintiff also argues that the ALJ erred by failing to address his bipolar disorder and adjustment disorder. Multiple medical sources have assessed Plaintiff as having bipolar disorder (R. at 629, 708, 732, 737) and adjustment disorder (R. at 524, 667).

In assessing Plaintiff's RFC, the ALJ must "consider all of [his] medically determinable impairments . . ., including [those] that are not 'severe.'" 20 C.F.R.

§ 404.1545(a)(2). Here, the ALJ found Plaintiff's severe impairments to be depressive disorder, anxiety disorder, social anxiety, and alcohol dependence in reported remission. (R. at 18.) The ALJ also found several non-severe impairments. (R. at 18.) But the decision makes no mention whatsoever of either bipolar disorder or adjustment disorder.

Defendant argues not that the ALJ addressed the disorders, but that Plaintiff "failed to fulfill his burden at step two of establishing that additional medically determinable impairments significantly limited his ability to perform basic work activities." (Def. Br. at 10.) Defendant cites *Burch v. Barnhart* to argue that Plaintiff has the burden of proving a disability at step two of the analysis. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[C]laimant carries the initial burden of proving a disability in steps one through four.") And Defendant further argues that Plaintiff may not simply point to evidence supporting his diagnosis, but instead must "produce evidence of significant functional limitations flowing from these impairments." (Def. Br. at 10–11.)

Defendant overstates Plaintiff's burden at step two. Although Plaintiff carries the burden through the first four steps, it does not follow that Plaintiff must prove at step two that every impairment is severe. To the contrary, the ALJ must consider every impairment of which she is aware, including non-severe impairments. 20 C.F.R. 404.1545(a)(2). Here, the ALJ made no determination as to whether Plaintiff's bipolar disorder and adjustment disorder were severe or not. There is no discussion of either disorder at all.

Defendant also argues that the ALJ's mention of symptoms waxing and waning was a sufficient discussion of bipolar disorder. (Def. Br. at 11.) And Defendant contends the RFC already accounted for any functional limitations produced by the episodic nature of bipolar disorder. (Def. Br. at 11.) Defendant thus argues that any error at step two was harmless. (Def. Br. at 11–12.)

The Court disagrees. Although the ALJ found that Plaintiff's symptoms wax and wane, she noted without mentioning bipolar disorder that this correlates with Plaintiff going on and off his medications. (R. at 22.) And regarding both the waxing and waning of symptoms and the episodic nature of bipolar disorder, it is not this Court's place to

"speculate as to the grounds for the ALJ's conclusions." *Treichler*, 775 F.3d at 1103. Because the decision is completely devoid of discussion of bipolar disorder or adjustment disorder, it is not "clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotations omitted). The Court, therefore, cannot conclude that the error is harmless, and shall remand to allow the ALJ to properly discuss bipolar disorder and adjustment disorder.

### C.   The Credit-as-True Rule

Plaintiff asks the Court to apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 18.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler*, 775 F.3d at 1099–1102. These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule applies. The record is not sufficiently developed as to Plaintiff's bipolar disorder and adjustment disorder, nor is the Court satisfied that there is no uncertainty as to the outcome of the proceedings. Accordingly, the Court remands to the ALJ to properly consider Ms. Miller's and Dr. Ritterbush's opinions and discuss Plaintiff's bipolar disorder and adjustment disorder.

**IT IS THEREFORE ORDERED** reversing the decision of the ALJ (R. at 15–28) as upheld by the Appeals Council (R. at 1–7).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with the Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with the Order and close this case.

Dated this 8th day of November, 2023.

Honorable John J. Tuchi
United States District Judge